Duer, J. (With the concurrence of two other justices.)
It was alleged upon the part of the defendant Wright, that no summons had been personally served upon the defendant Dardin, and that he, Dardin, was not at the commencement of this suit nor is he now a resident of this city, and upon this ground it was contended that the court has not acquired jurisdiction of the cause, and that the complaint must therefore be dismissed.
The facts upon which this objection to the jurisdiction of the court was rested were admitted by the counsel for the plaintiffs.
The question which the objection involves has not hitherto been decided by the court at a general term, but all its judges in their decisions at chambers have uniformly acted upon the opinion that the power and jurisdiction of the court are defined and limited by the provisions of the code, and consequently that it has no jurisdiction in actions against joint debtors, unless all are residents of the city, or the summons has been served personally upon all, the word “ personally ” being understood in its strict and appropriate sense.
It is this construction of the code that I hold myself bound to follow, and although the objection to the jurisdiction of the court has not been taken by demurrer or answer, yet by the express words of § 148 of the code, this omission is not to be deemed a waiver, and the same force must therefore be allowed to the objection now, as if it had been taken in the answer, and the facts had been admitted in the reply. As I construe § 148, the objection whether appearing on the pleadings or depending upon extrinsic proof, may now be taken in any stage of the cause, and when depending upon extrinsic facts may be supported by affidavits when the proper motion is made at' chambers or by *748 evidence when the dismissal of the complaint is asked for upon a trial or hearing.
Nor have I any right to say, that the defendant Wright, by putting in a separate answer, has elected to treat the action as commenced and prosecuted against himself alone, and, therefore, warranting a separate judgment. He had a right to put in a separate answer.
And the terms of the answer are not at all different from what they might have been, had Dardin appeared to the action as well as himself. It is entitled against both, and, in the body, the words “ the said defendants ” frequently occur. Had it been otherwise, had it plainly appeared, upon the face of his answer, that he considered himself the sole defendant, I do not think that his error, or that of his counsel, would have precluded him from taking the objection upon which he now insists.
When the proceeding is, in its form, a separate suit against one only of two or more joint debtors, and he neglects to take the objection, by demurrer or answer, of the want of proper parties, I do not at all doubt, that a judgment against him alone may be regularly entered, even where the joint nature of the contract appears upon the face of the complaint; and this position may be considered as fully sustained by the cases to which the counsel for the plaintiffs referred. (Whelpdale’s case, 5 Rep. 119; Roe v. Abbott, Cowper 832.) But all the authorities, including the very cases referred to, show that a several judgment would be certainly erroneous, where all the debtors are parties to the suit, and it is against all that by the very terms of the declaration or complaint, a judgment is demanded.
It was suggested, that, in order to warrant a separate judgment in the present case, the complaint may be amended by striking out the name of Dardin as a defendant; but such an amendment could only be granted upon payment of all the costs of the defendant, and with liberty to him to answer or demur to the amended complaint. It is plain, that the plaintiffs would not be at all benefited by allowing an amendment upon these terms, since the fatal objection of the non-joinder of Dardin would cer *749 tainly be taken. The complaint must, therefore, be dismissed for want of jurisdiction.